UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SMYTH, ADMINISTRATOR OF THE ESTATE OF ROBERT R. SMYTH (DECEASED) *Plaintiff,* | : : : : : : | |
| v. | : : | C.A. No.: |
| THE UNITED STATES OF AMERICA, *Defendant.* | : : : | |

# COMPLAINT

## INTRODUCTION

Plaintiff John Smyth, on behalf of decedent Robert R. Smyth, brings this action to recover for the severe injuries to and wrongful death of Robert R. Smyth following diagnostic arthroscopy of his shoulder as a result of the negligence of THE UNITED STATES OF AMERICA, by and through its employees, JOHN N. BERGERON and WOOD RIVER HEALTH SERVICES.

## JURISDICTION AND VENUE

1. This court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1346(b)(1).

2. Venue is proper pursuant to 28 U.S.C.A. § 1402(b) because the plaintiff resides in Rhode Island and the negligence of the defendant occurred in Rhode Island.

## PARTIES

3. Plaintiff John Smyth is the administrator of the estate of decedent Robert R. Smyth. John Smyth is a citizen of the state of Rhode Island.

4. THE UNITED STATES OF AMERICA, by and through its employees, JOHN N. BERGERON and WOOD RIVER HEALTH SERVICES who were acting within the scope of their employment at all times relevant to this complaint. Accordingly, the United States has waived its sovereign immunity under the Federal Tort Claims Act ("FTCA").

**COUNT ONE: WRONGFUL DEATH OF ROBERT R. SMYTH – NEGLIGENCE**

Paragraphs 1 - 4 are incorporated by reference as if fully set forth herein.

5. The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, allows for a waiver of the United States' immunity where a federal employee has committed negligence while acting within the scope of his or her employment.

6. Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Department of Health and Human Services, Public Health Service. These employees were acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Rhode Island.

7. WOOD RIVER HEALTH SERVICES and JOHN N. BERGERON were acting within the scope of their employment as employees of the Public Health Service at all times relevant to this complaint.

8. WOOD RIVER HEALTH SERVICES and its servants, agents, apparent agents, and/or employees, including JOHN N. BERGERON, are deemed the servants, agents, apparent agents, and/or employees of the United States of America under the FTCA for the purposes of this complaint.

9. Pursuant to 28 U.S.C. § 2675(a), plaintiffs have satisfied the FTCA exhaustion requirement by filing an administrative tort claim with the Department of Health and Human Services on May 11, 2015, having received no notice of final determination on said claim before November 11, 2015.

10. Under 28 U.S.C.A. § 1346(b)(1), the liability of the United States is governed by the law of the place where the negligence occurred.

11. An opinion letter setting forth the bases for plaintiff's good faith belief that WOOD RIVER HEALTH SERVICES and JOHN N. BERGERON committed negligence is attached hereto and incorporated herein as **Exhibit A.**

12. THE UNITED STATES OF AMERICA, by and through its employees WOOD RIVER HEALTH SERVICES and JOHN N. BERGERON, undertook the treatment, monitoring, diagnosis, and supervision of the decedent, ROBERT R. SMYTH, for treatment of a torn rotator cuff and for pre-operative clearance.

13. JOHN N. BERGERON is a Rhode Island resident who at all relevant times was licensed by the State of Rhode Island as a physician, and board certified in internal medicine.

14. WOOD RIVER HEALTH SERVICES is a healthcare provider licensed to do business in the State of Rhode Island that provides the services of physicians, nurses, and other health care professionals.

15. At all relevant times, JOHN N. BERGERON was a servant, agent, apparent agent, and/or employee of WOOD RIVER HEALTH SERVICES.

16. At all relevant times, it was the duty of the UNITED STATES OF AMERICA, by and through its employee, JOHN N. BERGERON to exercise that degree of care and skill expected of a reasonably competent internal medicine physician treating a patient like ROBERT R. SMYTH.

17. At all relevant times, it was the duty of the UNITED STATES OF AMERICA, by and through its employee, WOOD RIVER HEALTH SERVICES to exercise that degree of care and skill expected of a reasonably competent healthcare provider treating a patient like ROBERT R. SMYTH.

18. WOOD RIVER HEALTH SERVICES and its servants, agents, apparent agents, and/or employees, including JOHN N. BERGERON, provided care to ROBERT R. SMYTH for a torn rotator cuff beginning on or about June 6, 2013.

19. On June 6, 2013 and June 11, 2013, WOOD RIVER HEALTH SERVICES and its servants, agents, apparent agents, and/or employees, including JOHN N. BERGERON, undertook the treatment, monitoring, diagnosis, and supervision of the decedent, ROBERT R. SMYTH, for pre-operative care.

20. While under the care, treatment, monitoring, diagnosis, and supervision of the United States, by and through its employees WOOD RIVER HEALTH SERVICES and JOHN N. BERGERON, ROBERT R. SMYTH suffered severe, serious, painful and permanent conditions as hereinafter set forth in Paragraph 22.

21. The said injuries to ROBERT R. SMYTH were caused by the failure of the United States, by and through its employees WOOD RIVER HEALTH SERVICES and JOHN N. BERGERON, to exercise reasonable care under all of the facts and circumstances in that they:

    a. failed to adequately and properly care for, treat, diagnose, monitor and supervise ROBERT R. SMYTH;

    b. improperly underestimated ROBERT R. SMYTH's risk for anesthesia;

    c. failed to identify risk factors that could adversely affected ROBERT R. SMYTH's morbidity and mortality;

    d. in the pre-operative period, failed to recognize how sick ROBERT R. SMYTH was;

    e. failed to perform a comprehensive pre-operative medical evaluation and assessment prior to clearing ROBERT R. SMYTH for surgery;

    f. failed to take an accurate history of ROBERT R. SMYTH's past/present medical conditions;

    g. failed to take an accurate history ROBERT R. SMYTH's past/present medication use;

    h. failed to take an accurate history of ROBERT R. SMYTH's past surgical procedures;

    i. failed to complete a "Review of Systems" for ROBERT R. SMYTH;

    j. failed to complete a thorough pre-operative physical examination of ROBERT R. SMYTH;

k. failed to properly assimilate ROBERT R. SMYTH's past/present medical conditions, medication use, and surgical procedures into an Assessment;

l. failed to determine if any of ROBERT R. SMYTH's conditions, whether diagnosed or undiagnosed, suggest the need for further evaluation;

m. failed to postpone the June 27, 2013, surgical procedure until ROBERT R. SMYTH's conditions were diagnosed, treated and under reasonable control;

n. failed to learn about ROBERT R. SMYTH's history of asthma;

o. failed to learn about ROBERT R. SMYTH's history of inhaler use;

p. failed to ask ROBERT R. SMYTH questions about snoring, daytime fatigue and falling asleep easily during the day;

q. failed to diagnose untreated sleep apnea;

r. failed to discuss the possibility of sleep apnea with ROBERT R. SMYTH;

s. failed to review the EKG taken of ROBERT R. SMYTH on June 6, 2013;

t. failed to interpret the EKG taken of ROBERT R. SMYTH on June 6, 2013;

u. improperly determined that ROBERT R. SMYTH was stable for June 27, 2013 surgery with "no medical contraindication";

v. improperly determined that ROBERT R. SMYTH's risk for surgery on June 27, 2013 was low to moderate;

w. failed to order pre-operative diagnostic testing of ROBERT R. SMYTH before his June 27, 2013 surgery;

x. failed to refer ROBERT R. SMYTH to a pulmonologist for pre-operative evaluation prior to his June 27, 2013 surgery;

y. improperly cleared ROBERT R. SMYTH for June 27, 2013 surgery without properly and adequately working him up for lung disorders;

z. improperly cleared ROBERT R. SMYTH for June 27, 2013 surgery before obtaining the necessary pre-operative testing;

aa. failed to adequately document ROBERT R. SMYTH's medication use in the medical record;

bb. failed to adequately document ROBERT R. SMYTH's history of asthma in the medical record;

cc. failed to adequately document in the medical record a review or interpretation of ROBERT R. SMYTH's EKG taken on June 6, 2013;

dd. failed to provide nurses, physicians, and other professional medical personnel who possessed the requisite knowledge, skill, and experience to adequately and properly care for, treat, diagnose, monitor, and supervise ROBERT R. SMYTH during the pre-operative period preceding his June 27, 2013 surgery;

ee. failed to promulgate and/or enforce rules, regulations, standards, and protocols for the treatment of patients such as ROBERT R. SMYTH.

22. As a result of the carelessness and negligence of the United States, by and through its employees WOOD RIVER HEALTH SERVICES and JOHN N. BERGERON, ROBERT R. SMYTH suffered the following severe, serious, painful, and permanent injuries:

a. dyspnea;

b. tachypnea;

c. severe respiratory distress;

d. drop in oxygen saturation;

e. compromised respiratory function;

f. hypoxia;

g. hypoxemia;

h. phrenic nerve block;

i. hemi-diaphragm paralysis;

j. anxiety;

k. combativeness;

l. re-intubation;

m. pneumonia;

n. bibasilar atelectasis and/or infiltrates;

o. pleural effusion;

p. interstitial pulmonary edema;

q. acute renal failure;

r. acute respiratory failure;

s. cephalic vein thrombus;

t. enlarged heart;

u. oliguria;

v. bacteremia;

w. prolonged ventilator support;

x. difficulty weaning from ventilator;

y. prolonged bedrest;

z. prolonged hospitalization;

aa. pulmonary embolus;

    bb. tracheostomy;

    cc. loss of airway;

    dd. multiple procedures and tests;

    ee. multiple catheter insertions;

    ff. antemortem pain and suffering;

    gg. psychological, physiological and neurological sequalae;

    hh. cardiopulmonary arrest;

    ii. death.

23. As a result of the aforementioned injuries and death, ROBERT R. SMYTH has been permanently deprived of his ability to carry on and enjoy life's activities and his earning capacity has been forever destroyed.

24. As a further result of the aforementioned injuries and death, the ESTATE OF ROBERT R. SMYTH has incurred expenses for medical care and treatment and funeral costs all to its financial loss.

25. By reason of the death of ROBERT R. SMYTH, his Estate and his beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§10-7-1 et seq., including but not limited to §10-7-1.1, and were otherwise damaged.

26. By reason of the foregoing, ROBERT R. SMYTH suffered severe injuries to his mind and body, nerves and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §§10-7-7, and was otherwise damaged.

27. By reason of the foregoing, ROBERT R. SMYTH and/or his Estate have incurred expenses, all of which are remunerable under R.I. Gen. Laws §§10-7-5, and were otherwise damaged.

28. By reason of the death of ROBERT R. SMYTH, his Estate and beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§10-7-5, et seq. and were otherwise damaged.

## PRAYER FOR RELIEF

Paragraphs 1 – 28 are incorporated by reference as if fully set forth herein.

Plaintiffs request the following relief:

29. Compensatory damages in the amount of $5,000,000.00

30. Such other relief as the Court deems appropriate.

Plaintiff,
By his attorneys,

*/s/ Zachary M. Mandell*
Mark S. Mandell, Esq. (#0502)
Zachary M. Mandell, Esq. (#8616)
MANDELL, SCHWARTZ & BOISCLAIR
One Park Row
Providence, RI  02903
(401) 273-8330
(401) 751-7830 – Fax
msmandell@msb-atty.com
zmandell@msb-atty.com

Dated:  May 6, 2016

**Plaintiffs hereby demand Trial by Jury**.